DOWNEY, Judge.
Appellant seeks reversal of a final judgment dismissing her complaint, as personal representative, for the wrongful death of her minor child.
Among other things, the second amended complaint alleges the following: appellee, St. Lucie County, granted a franchise to St. *147 Lucie Sanitation Company, Inc., for the collection of garbage; appellant’s decedent was killed by a sanitation truck at the sanitation garage located on property owned by the sanitation company; negligence of the sanitation company and its driver resulted in the death of appellant’s child; the county was also liable for the sanitation company’s negligence because under the franchise agreement the county had the right to pass rules and regulations controlling the operation of the sanitation company and to supervise compliance therewith.
The trial court granted a motion to dismiss, filed by the county and its insurance carrier. Appellant’s brief suggests that the dismissal was based upon a trial court finding that the county’s obligation to make rules and regulations for the sanitation company and supervise its compliance with said rules and regulations involved discretionary activity and thus, under rules laid down in Commercial Carrier Corp. v. Indian River Cty., 371 So.2d 1010 (Fla.1979), the county is immune to suit.
We are unable to determine with any degree of certitude the reason for the dismissal of the complaint. However, the reason suggested by appellant would not be a valid ground for dismissal in this case as the activity described would surely be operational rather than discretionary. Therefore, there is no question of governmental immunity involved here. Be that as it may, the allegations of the complaint must be taken as true. Thus, the extent to which the county had the right to control the sanitation company and the effect that would have on its liability should be resolved by a jury.
Accordingly, the dismissal of the complaint was, at the very least, premature and requires reversal of the judgment appealed from.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.